UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60239-CR-BLOOM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRITISH MITCHELL,

        Defendant.
_____/

## RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

This memorandum is in response to defendant BRITISH MITCHELL's Motion for Early Termination of Supervised Release. The United States opposes defendant's motion because mere compliance with the terms and conditions of supervised release should not warrant termination.

Defendant British Mitchell pled guilty to three counts of an Indictment charging him with Conspiracy to Commit Access Device Fraud (Count 1), Aggravated Identity Theft (Count 7) and Dealing in Counterfeit Notes (Count 11). He was sentenced 51 months imprisonment, three years of supervised release and ordered to pay restitution. Defendant's term of supervised release began on October 9, 2019. It is scheduled to end on October 8, 2022.

"Federal law authorizes a court to terminate a term of supervised release if the court determines that early termination is warranted by the defendant's conduct and is in the interest of justice, after considering several of the statutory sentencing factors set forth in § 3553(a)." *United States v. Easton*, 755 F. App'x 916, 918 (11th Cir. 2018) (citing 18 U.S.C. § 3583(e)(1)). "These factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection, and for

correctional treatment for the defendant; the advisory guidelines range; the U.S. Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense." *Id.* (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(7), and (a)(7)).

A defendant's mere compliance with his sentence, although commendable, is insufficient by itself to reduce or terminate a term of supervised release.[1]  *See United States v. Senyszyn,* 2015 WL 3385520 at *1 (D.N.J. 2015); *see also United States v. Caruso,* 241 F.Supp. 466, 469 (D.N.J. 2003) ("After all 'mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.'").  In this particular case, early termination of supervision is not warranted because compliance is expected and "insufficient by itself to reduce or terminate a term of supervised release." *United States v. Wilson*, No. CR 01-0553 (ES), 2017 WL 3332261, at *2 (D.N.J. Aug. 4, 2017); *see also United States v. Reisner*, Case No. 4:06-CR-077-SPM, 2008 WL 3896010, *1 (N.D. Fla. Aug. 20, 2008) (denying defendant's request for early termination on the basis of compliance because such compliance does not "demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination of her supervised

---

[1] It is questionable whether defendant fully complied with the terms and conditions of supervised release. He was arrested in Broward County and charged with Felony Battery (Great Bodily Harm) based on an incident that occurred at the Hard Rock Hotel.  Police responded to the scene where the purported victim was found crying in shower area of her room with blood on her face and both hands. The victim was uncooperative when police arrived.  Defendant was seen leaving the room.  Defendant claims he was wrongly charged.  A violation petition based on the incident was filed.  The petition was ultimately dismissed (as was the case in Broward State Court) because the United States could not prove its case. The victim filed a non-prosecution affidavit.  The United States had an uncooperative victim who would not testify at a hearing. The victim changed her story on various occasions as to what happened in the hotel room.  Something happened at the Hard Rock Hotel;  however, the United States could not prove that defendant was involved.

release"). "Mere compliance with the terms of supervision does not typically justify early termination, and so other similarly situated defendants will not receive the same relief [defendant] requests." *See Wilson*, 2017 WL 3332261 at *2 "Although there is nothing to fault and much to commend about the defendant's post-release conduct, completion of the full term of supervised release has not been demonstrated to be too harsh or inappropriately tailored to serve the general 'need for the sentence imposed... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *United States v. Grimaldi*, 482 F. Supp. 2d 248, 251 (D. Conn. 2007).

Having to give prior notice to the United States Probation Office before travelling around the country or overseas for work is not so onerous as to warrant termination of supervised release.  While defendant likely finds supervision  to be unpleasant, supervision is not designed to be enjoyable, it is a punishment in and of itself.  *See Wilson,* 2017 WL 3332261 at *3.

Defendant still owes restitution to the victims in the underlying case. He was ordered to pay 10% of his gross income towards restitution.  Because defendant self reports his income, the Probation Office must rely on defendant's own statements to determine how much restitution he can pay.  He has paid only a portion of the restitution due and owing.

Because mere compliance with the terms and conditions of supervised release is not sufficient to warrant termination of supervised release, the United States respectfully requests that Defendant's Motion for Early Termination be denied.

    Respectfully submitted,

    JUAN ANTONIO GONZALEZ
    UNITED STATES ATTORNEY

By: *Laurence M. Bardfeld*
    LAURENCE M. BARDFELD, AUSA
    500 East Broward Boulevard, #700
    Fort Lauderdale, Florida 33394
    (954) 660-5721
    E-Mail: Laurence.Bardfeld@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed by CM/ECF on this 11th day of April 2022.

*s/ Laurence M. Bardfeld*
Laurence M. Bardfeld
Assistant U.S. Attorney